IN THE DISTRICT COURT OF THE UNITED STATES
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL SCHOONOVER,

Plaintiff,

-vs-

COMMERCIAL RECOVERY SYSTEMS, INC.,

CASE NO.: 8:13cv2475 30MAP

Defendant.

_____/

## COMPLAINT

1. The Plaintiff, DANIEL SCHOONOVER, by and through the undersigned counsel, sues the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., and in support thereof respectfully alleges the following:

2. Plaintiff alleges violations of the Fair Debt Collection Act, 15 U.S.C.§ 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

3. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and costs.

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 15 U.S.C. § 1692 K(d).

5. Venue is proper in this District because the acts and transactions and the alleged violations described herein occurred in Hernando County, Florida.



## FACTS COMMON TO ALL COUNTS

6. Plaintiff is a natural person and citizen of the State of Florida, residing in Hernando County, Florida.

7. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

8. Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. is a corporation and citizen of the State of Texas with its principal place of business located at 8035 East R.L. Thornton Freeway, Suite 220, Dallas, Texas.

9. Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6). Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(4).

11. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's residential telephone number, (352) 688-1432, several times during one day, and on back to back days, from April, 2013 through September, 2013, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

12. Some, or all, of the calls the Defendant made to Plaintiff were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

13. Each call the Defendant made to the Plaintiff's residential telephone number was done so without the "express permission" of the Plaintiff.

14. In approximately April, 2013, Plaintiff began receiving prerecorded automated calls from Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., harassing Plaintiff by their agents and representatives including attempting to collect on a debt by calling Plaintiff repeatedly and leaving an artificial voice in prerecorded messages for Craig Schoonover without Plaintiff's expressed consent and despite Plaintiff repeatedly advising each of the Defendant's representatives and agents that the number they were calling was not Craig Schoonover's number and that Craig Schoonover did not reside there.

15. Despite informing Defendant that he were not the person Defendant was attempting to contact, the automated calls from Defendant to Plaintiff's residential phone continued approximately two to three times a day. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period.

16. The Defendant has corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as it did to the Plaintiff's residential telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

17. Despite actual knowledge of its wrongdoing, the Defendant continued its campaign of abuse.

18. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

19. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from its call list.

20. Defendant has a corporate policy to harass and abuse individuals and set up their call-back systems in a manner which makes it virtually impossible for the automated calls to stop.

21. Defendant has harassed and abused the Plaintiff in an effort to collect the subject debt, by knowingly employing methods that did not permit the cessation of calls to Plaintiff.

22. Defendan's refusal to remove the Plaintif's phone number from its calling lists and dialing systems, which included automated telephone dialing system calls and/or artificial prerecorded voice messages, being left two to three times a day, has caused the Plaintiff's life to be disrupted by the repeated phone calls and has caused Plaintiff stress and frustration in trying to rectify Defendant's conduct and errors to no avail.

23. Defendant's calls and refusals to stop calling were attempts to collect the alleged debt from Plaintiff by harassment.

24. Due to Defendan's constant calls and demands for payment, Plaintiff suffered actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

25. Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life pursuant to Federal Statute 15 U.S.C. § 1692 have continued and are continuing as of the filing of this complaint.

26. All conditions precedent to the filing of this action have occurred.

## CAUSES OF ACTION

### COUNT I

**(Violation of the Fair Debt Collection Practices Act "FDCPA"
COMMERCIAL RECOVERY SYSTEMS, INC.)**

Plaintiff re-alleges paragraphs one (1) through twenty-six (26) above and further states:

27. The foregoing acts and omissions of the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiff:

(a) The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

(b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

(c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff